14-490
*United States v. Shillingford*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand fifteen.

Present:
 ROBERT A. KATZMANN,
  *Chief Judge*,
 GERARD E. LYNCH,
  *Circuit Judge*,
 JANET BOND ARTERTON,
  *District Judge*.[*]

---

UNITED STATES OF AMERICA,

 *Appellee*,

 v. No. 14-490-cr

MARLEEN SHILLINGFORD,

 *Defendant-Appellant*.

---

For Appellee: Douglas P. Morabito and Marc H. Silverman, Assistant
 United States Attorneys, *for* Deirdre M. Daly, United

---

[*] The Honorable Janet Bond Arterton, of the United States District Court for the District of Connecticut, sitting by designation.

States Attorney for the District of Connecticut, New Haven, Connecticut.

For Defendant-Appellant:        Vito A. Castignoli, Milford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Marleen Shillingford appeals from a judgment of conviction dated January 29, 2014 in the United States District Court for the District of Connecticut (Thompson, *J.*), following her guilty plea to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

Shillingford contends that her sentence of 36 months' imprisonment is substantively unreasonable. We disagree. "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Our limited, "deferential" role is "to identify those sentences that cannot be located within the range of permissible decisions." *Id.* at 191.

The undisputed sentencing range of the United States Sentencing Guidelines for Shillingford's offense level and criminal-history category is 63 to 78 months' imprisonment. The district court granted her a downward departure from that range on the motion of the government under section 5K1.1 of the Guidelines. We detect no indication of unreasonableness in the

2

district court's thorough explanation of the resulting 36-month sentence. Shillingford disagrees with the weight that the district court assigned to various aggravating and mitigating factors, but as an appellate court "we do not consider what weight we would ourselves have given a particular factor." *Id.* "Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* In this case, we have no difficulty concluding that the factors identified by the district court at sentencing reasonably bear the weight assigned them. Shillingford's sentence is not an abuse of discretion.

We have considered Shillingford's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3